# In the United States District Court
## for the District of Kansas

**United States of America**,
*Plaintiff,*

v.                                                          Case No. 15-20042-001-JAR

**Jeffery Michael Roark,**
*Defendant.*

## Order Reducing Term of Imprisonment to Time Served

This matter is before the Court on the Defendant's <u>Unopposed Motion</u>

<u>to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) [D.E. 239]</u> filed on

August 10, 2020. The government does not oppose Defendant's request for

compassionate release.

Mr. Roark pleaded guilty to a superseding indictment charging one

count of conspiracy to possess with intent to distribute methamphetamine, in

violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2 [D.E.

41]. The Court sentenced Mr. Roark to the custody of the Unites States

Bureau of Prisons (BOP) for 94 months, followed by a 5-year term of

supervised release [D.E. 104]. He has 16 months in prison remaining on this

sentence.

The defendant is a 51-year-old, chronic care inmate with an enlarged

and weakened heart who relies on a pacemaker and defibrillator to function

normally. This condition places him at higher risk of serious illness now that

he has contracted COVID-19. These conditions are documented in Mr.

Roark's Presentence Investigation Report (PSR)[D.E. 97] and verified by BOP

medical records. Moreover, Mr. Roark contracted COVID-19 while

imprisoned at Fort Worth Federal Medical Center (FMC).

The Court has considered the applicable factors set forth in 18 U.S.C.

§ 3582(c)(1)(A)(i) and 18 U.S.C. § 3553(a) to modify the defendant's term of

imprisonment to time served. Extraordinary and compelling reasons exist

here to warrant a sentence reduction of sixteen months given Mr. Roark's

chronic medical health ailments; his current diagnosis of COVD-19; and the

current crisis arising from the COVID-19 pandemic. Furthermore, Defendant

has demonstrated that he can abide by the conditions of supervision as

evidenced by his home plan, which has been approved by the United States

Probation Office.

For these reasons, the Court finds in its discretion that extraordinary and

compelling reasons warrant the reduction of Defendant's term of

imprisonment to time served pursuant to § 3582(c)(1)(A). Incarceration has

served its purpose in this case and early release on grounds of compassion

will further Congress's intent to expand availability to this form of relief.

*Accord United States v. Ebbers*, --- F. Supp. 3d ----, 2020 WL 91399, at *4 n.6

(S.D.N.Y. 2020) (". . . the First Step Act reduced the BOP's control over

2

compassionate release and vested greater discretion with the courts.").

**IT IS THEREFORE ORDERED** that the Defendant's <u>Unopposed Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) [D.E. 239]</u> is **GRANTED**.  The Court reduces Defendant's sentence to time served.

**IT IS FURTHER ORDERED** that there being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure Defendant's safe release. Defendant shall be released as soon as appropriate travel arrangements have been made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure Defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

**IT IS FURTHER ORDERED** that Defendant's term of supervised release will begin immediately upon his release from the Bureau of Prisons.  All previously imposed terms and conditions of supervised release remain in effect.

 **IT IS SO ORDERED**.

    Dated this  11th  day of August, 2020, at Kansas City, Kansas.


                                         s/ Julie A. Robinson
                                         Honorable Julie A. Robinson
                                         Chief U.S. District Court Judge